BERZON, Circuit Judge,
dissenting:
I respectfully dissent.
The Supreme Court has unequivocally held that “when a defendant seeks to waive his right to counsel, a determination that he is competent to stand trial is not enough; the waiver must also be intelligent and voluntary before it can be accepted.” Godinez v. Moran, 509 U.S. 389, 402, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (emphasis added). Yet, the majority maintains that Asberry’s mental state is pertinent only to the competency inquiry. The majority then concludes, as to that inquiry, that the “the trial judge considered Asber-ry’s competency to proceed without counsel and determined that Asberry was competent to waive counsel.” Maj. op. at 676. In so ruling, the majority collapses Godi-nez’s holding — that “competency] to stand trial” and “intelligent and voluntary” waiver are two separate requirements that must both be met before a defendant can proceed to trial without counsel, 509 U.S. at 401-02, 113 S.Ct. 2680 — into a single inquiry where any mental state question is raised. I see no basis for this merger in Godinez.
The majority, moreover, glosses over the strength of Asberry’s state court record. In assessing waiver of counsel, the purpose of the voluntariness inquiry is to determine “whether the decision is un-coerced.” Id. at 401 n. 12, 113 S.Ct. 2680. The state court post-conviction record corroborates Asberry’s claim that the government compelled him to waive counsel when it refused to treat his paranoid schizophrenia, which, in turn, caused As-berry fundamentally to distrust, misjudge, and ultimately proceed without his defense attorney.
Asberry submitted three categories of evidence supporting his state habeas petition. First, Asberry’s medical records from the Fresno County Mental Health Services, predating his arrest and incarceration, documents a history of paranoid schizophrenia, auditory hallucinations, and prescription of antipsychotic drugs. Second, the transcript of the August 16, 1999 hearing in which Asberry waived counsel reflects his deep yet unfounded distrust of his attorney. Asberry accused his attorney of secretly sharing witness information with the prosecutor, an allegation that both defense counsel and the prosecutor adamantly denied, pointing out that no witness information had yet been exchanged at all. Third, Asberry submitted with his post-conviction relief application a September 9, 1999 inmate grievance form. The form complains of prison staffs refusal to treat him for the voices he heard in his head, despite his repeated requests for treatment, on multiple, specified dates both preceding and following his August 16, 1999 hearing. In light of this evidence, and assuming the truth of his allegations, see People v. Duvall, 9 Cal.4th 464, 474-75, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995), Asberry established a sufficient prima fa-cie case that the refusal to treat his mental *678 illness left him unable to waive counsel voluntarily. The state court determination to the contrary was not a reasonable application of Godinez and Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which constitute clearly established Supreme Court law.
The majority’s contrary conclusion rests on three mistakes. First, the majority misstates the record when it asserts that the trial court evaluated Asberry’s mental condition in determining his competence to waive counsel or addressed the voluntariness of his waiver. There is no evidence that the trial court was even aware of Asberry’s history of mental illness or current efforts to receive mental health treatment. Cf. United States v. Christensen, 18 F.3d 822, 826 (9th Cir.1994).
Second, the majority maintains that As-berry’s decision to forego representation was the result of a “deliberate thought process,” maj. op. at 676, and so voluntary. But conscious deliberation is not synonymous with uncoerced decision-making, and there is clear Supreme Court law that both competency and voluntariness are necessary. When an individual’s ability to evaluate without delusions the representation he has been receiving is impaired by his mental illness, his ensuing “deliberate thought process” concerning whether to proceed with new counsel on a delayed schedule does not substitute for a non-delusional evaluation — one unimpaired by psychotic mental processes — of the overall situation.
Third, the majority maintains that without expert evidence regarding how his psychosis affected his decision, Asberry could not state a prima facie case that his waiver of counsel was involuntary. But the pleadings do lay out the connection between the failure to provide requested mental health treatment and Asberry’s decision-making process: he reported having paranoid thoughts, and, at the hearing, premised his distrust of his lawyer, and consequent decision to proceed pro se, on non-existent events. It does not take an expert to connect those dots for purposes of determining whether a prima facie case has been established, nor is there any Supreme Court case law stating special expert evidence requirements for mental health allegations.
Because the Supreme Court has clearly held that a defendant’s waiver of counsel must be voluntary, see Godinez, 509 U.S. at 400-02, 113 S.Ct. 2680; Faretta, 422 U.S. 806, 95 S.Ct. 2525, and the state appellate court unreasonably applied this precedent in light of the record before it, we should remand for the district court to decide the merits of the question whether Asberry in fact did not exercise a voluntary waiver when he decided to proceed without counsel, after appropriate eviden-tiary development. See Panetti v. Quarterman, 551 U.S. 930, 953, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007); Greenway v. Schriro, 653 F.3d 790, 805-06 (9th Cir.2011); Frantz v. Hazey, 533 F.3d 724, 733-35, 745 (9th Cir.2008) (en banc).